UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JEROME BETHEA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>- against -<br><br>LINCARE INC. and VIDHWAN, INC.,<br><br>Defendants. | Case No.: 22-cv-5936<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

The Named Plaintiff JEROME BETHEA (the "Named Plaintiff"), by his attorneys, Leeds Brown Law, P.C., alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

### PRELIMINARY STATEMENT

1. This action is brought pursuant to New York Labor Law ("NYLL") Article 6 §§ 190 *et seq.*, to recover damages for delinquent wage payments made to workers who qualify as manual laborers and who were employed by Defendants LINCARE INC. and VIDHWAN, INC. (collectively "Defendants") between February 18, 2016[1] and the present (the "Relevant Period") in the State of New York.

2. Upon information and belief, throughout the Relevant Period, Defendants have compensated all their employees on a semi-monthly (twice per month) basis, regardless of whether said employees qualified as manual laborers under the NYLL.

---

[1] Generally, the applicable statute of limitations for NYLL claims is six years – which means that ordinarily a complaint "looks back" exactly six (6) years from the date of filing. However, the statute of limitations period was tolled for a total of 228 days as a result of Gov. Cuomo's Executive Order Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, and 202.72. *See Brash v. Richard*, 195 A.D.3d 582 (2d Dep't June 2, 2021) (concluding that the Executive Orders constitute a tolling – as opposed to a suspension – of filing deadlines).

1

3. Upon information and belief, Defendants have at no time during the Relevant Period been authorized by the New York State Department of Labor Commissioner to compensate their employees who qualify as manual laborers on a semi-monthly basis, in contravention of NYLL Article 6 § 191, which requires that without explicit authorization from the Commissioner, such workers must be compensated not less frequently than on a weekly basis.

## JURISDICTION & VENUE

4. This Court has personal jurisdiction over Defendants because Defendants conduct business in the State of New York, including in this District.

5. This Court has subject matter jurisdiction over this proposed class action pursuant to 28 U.S.C. § 1332(d), under the provisions of the Class Action Fairness Act, which specifies that the federal courts maintain original jurisdiction in any class action in which at least 100 members are in the proposed plaintiff class, any member of the plaintiff class is a citizen of a state different from any defendant, and the matter in controversy exceeds the sum of $5,000,000, exclusive of interest and costs. The Named Plaintiff submits that all such conditions are satisfied such that this Court has original jurisdiction.

6. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

7. Plaintiff JEROME BETHEA is an individual who currently resides in the State of New York, and who was employed by Defendants from approximately December 2021 until April 2022 based out of Defendants' Farmingdale location. Plaintiff worked in a non-exempt, hourly position at for Defendants, with his primary job responsibilities being the physical delivery and

collection oxygen tanks, as well as loading and unloading Defendants' truck that he utilized daily. Plaintiff was compensated only twice per month by Defendants throughout the entirety of his employment, and in so doing was time and again injured by Defendants' failure to pay him timely wages, inasmuch as Defendants' conduct routinely deprived him on a temporary basis of monies due to him.

8. Upon information and belief, Defendant LINCARE INC. is a foreign limited liability company organized and existing under the laws of the State of Delaware, with a headquarters and principal place of business located in Clearwater, Florida.

9. Upon information and belief, Defendant VIDHWAN, INC. is a foreign limited liability company organized and existing under the laws of the State of California, with a headquarters and principal place of business located in San Jose, California.

10. Defendants are collectively joint employers of Plaintiff and putative class members, as both had the power to: (i) hire and fire employees; (ii) supervise and control employees' work schedules or conditions of employment to a substantial degree; (iii) determine employees' rates and methods of payment; and (iv) maintain employees' employment records.

## CLASS ALLEGATIONS

11. This action is properly maintainable as a class action under Rule 23 of the Federal Rules of Civil Procedure.

12. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants non-exempt, hourly positions that required workers perform physical tasks for more than 25% of their workdays.

13. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of hundreds, if not thousands, of employees. In addition, the names of all potential members of the putative class are not known.

14. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to:

    a) whether Defendants compensated their employees on a semi-monthly basis;

    b) whether Defendants were lawfully permitted to compensate its employees on a semi-monthly basis; and,

    c) whether Defendants' conduct constitutes a violation of NYLL § 191.

15. The claims of the Named Plaintiff are typical of the claims of the putative class. The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to compensate employees in compliance with applicable law.

16. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.

17. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

18. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The individual Named Plaintiff and putative class members lack the financial resources to adequately prosecute separate lawsuits against Defendants.

19. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

## FIRST CAUSE OF ACTION AGAINST DEFENDANTS: FAILURE TO PAY TIMELY WAGES

20. The Named Plaintiff repeats and re-alleges the allegations set forth in the preceding paragraphs.

21. The timely payment of wages provisions of NYLL § 191 and its supporting regulations apply to Defendants and protect the Named Plaintiff and members of the putative class.

22. Defendants failed to pay the Named Plaintiff and members of the putative class on a timely basis as required by NYLL § 191(1)(a).

23. By the foregoing reasons, Defendants violated NYLL § 191(1)(a), and as such are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs.

**WHEREFORE**, the Named Plaintiff, individually and on behalf of others similarly situated, seeks the following relief:

(1) on the first cause of action, against Defendants in an amount to be determined at trial, plus liquidated damages, interest, attorneys' fees and costs, pursuant to the cited provisions;

(2) together with such other and further relief the Court may deem appropriate.

Dated: Carle Place, New York
October 4, 2022

**LEEDS BROWN LAW, P.C.**

Brett R. Cohen
Jeffrey K. Brown
Michael A. Tompkins
One Old Country Road, Suite 347
Carle Place, New York 11514
Tel: (516) 873-9550

*Attorneys for the Named Plaintiff &
Putative Class*

5